PER CURIAM.
We reverse and remand the summary denial, without prejudice, of Appellant’s motion for post-conviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure.
Appellant alleged that he entered a consolidated plea agreement which required him to admit the violation of probation in a 1993 case and to plead guilty to several 1996 and 1997 cases; he received concurrent sentences in all the cases on April 9, 1997. The plea in each case was alleged to be dependent upon the acceptance of the plea in the other cases. His single motion for post-conviction relief, filed as to several of these cases, raised claims of ineffective assistance of counsel and involuntary plea, based on alleged misadvice of counsel concerning the application of credits and gain-time earned in the 1993 case to the sentences imposed in the later cases. The state’s response asserted that the motion was not in compliance with rule 3.987(4), which provides that “[o]nly the judgment of one case may be challenged in a single motion for post-conviction relief,” unless the challenge is to the judgments in different cases that were consolidated for trial. The state recommended that the motion be denied without prejudice to being properly re-asserted, and the trial court did so.
We believe that, under the circumstances of this case, where the pleas were entered pursuant to a consolidated plea agreement, the exception provided in rule 3.987(4) applies. Accordingly, we reverse and remand for the trial court to consider the merits of Appellant’s motion.
DELL, STONE, and TAYLOR, JJ., concur.